**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Jaitendra G. Patel, Gaurav J. Patel, | Case No. 2:25-12884-RMG |
| Plaintiffs, | |
| v. | **ORDER** |
| Joseph B. Edlow, Wendy Wilcox. | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No.7) recommending that the Court dismiss this action without prejudice, without issuance and service of process, and without leave to amend based upon the Court's lack of subject matter jurisdiction over Plaintiff's claims and Plaintiffs' failure to bring the case into proper form. Plaintiffs were advised that they had fourteen days to file written objections to the R & R and the failure to file timely objections would result in limited, clear error review and waiver of the right to appeal the district court's order to the court of appeals. (*Id.* at 12). Plaintiffs filed no timely objections to the R & R.

## I.    Background

Plaintiff Gaurav J. Patel, acting pro se, alleges that he is a United States citizen and member of the United States Army. Plaintiff Jaitendra G. Patel is the father of Gaurav J. Patel and is a citizen of India. Plaintiffs bring this action against Defendants, officials of the United States Citizenship and Immigration Services (USCIS"), for allegedly failing to timely process applications of Jaitendra Patel for adjustment of his legal status.

The Magistrate Judge, in a detailed and thorough R & R, recommended the summary dismissal of this action because the federal courts have no subject matter jurisdiction over

1

discretionary actions of USCIS officials.  The Magistrate Judge found that the issues in dispute, the lack of expeditious processing of Jaitendra G. Patel's applications for adjustment of status, fall into areas of discretionary authority in which the district courts have no jurisdiction. (Dkt. No. 7 at 4-10).  Additionally, the Magistrate Judge recommended the summary dismissal of this action based upon the Plaintiffs' failure to bring their complaint into proper form, as directed in the Magistrate Judge's Proper Form Order. (*Id*. at 10).  As mentioned above, Plaintiffs failed to file objections to the R & R.

## II.     Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## III.    Discussion

The Magistrate Judge ably summarized the factual and legal issues in this action and correctly concluded that the Court lacks subject matter jurisdiction over the challenged discretionary acts of the Defendants.  Additionally, the Magistrate Judge correctly concluded that Plaintiffs' action was subject to summary dismissal because of their failure to comply with the Magistrate Judge's Proper Form Order.

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 7) as the Order of the Court and **DISMISSES** this action without prejudice, without issuance of and service of process, and without leave to amend.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 13, 2026
Charleston, South Carolina